## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ADVANCED MICROSCOPY INC.,                )
                                         )
      Plaintiff,                          )
                                         )
v.                                       )        Civil Action No. 15-516-LPS-CJB
                                         )
CARL ZEISS MICROSCOPY, LLC,              )
                                         )
      Defendant.                          )

## MEMORANDUM ORDER

1.　　Before the Court is a motion to stay the proceedings in the instant patent infringement case, filed by Defendant Carl Zeiss Microscopy, LLC ("Defendant"). (D.I. 20) Defendant seeks a stay of this case pending the United States Patent and Trademark Office's ("PTO") resolution of Defendant's petition for *inter partes* review ("IPR"), which was filed on October 16, 2015. With its IPR petition, Defendant seeks to invalidate all claims of the patent-in-suit (United States Patent No. 6,313,452) that Plaintiff Advanced Microscopy Inc. ("Plaintiff") asserts against Defendant in the instant case. (D.I. 1)

2.　　A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).

3.    After taking into account the three stay-related factors set forth above (to the extent they are relevant to the Court's decision here), as well as the particular circumstances of this case, the Court will DENY Defendant's motion, with leave to renew the motion after the PTO's Patent Trial and Appeal Board ("PTAB") makes a determination on whether to institute an IPR proceeding in response to Defendant's petition. The Court determines that this course—as opposed to a decision to grant a stay pending the PTAB's ruling—is the better approach here, for the three reasons set forth below.

4.    The first relates to the status of the instant case and the IPR proceeding. Here, the parties agree that the PTAB is required to rule on the petition no later than April 16, 2016. (D.I. 21 at 5; D.I. 26 at 4 n.2) A schedule was entered in this case on October 23, 2015 (as Defendant had only recently filed its motion to stay at that point, and briefing on that motion was not fully complete at the time), which called for the parties to have completed the provision of initial infringement and invalidity contentions by March 18, 2016. (D.I. 24) However, the parties thereafter agreed to extend those deadlines, such that these initial patent disclosures will not now be completed until May 13, 2016. (D.I. 36) Additionally (and as might have been expected at the time of the motion's filing), the docket does not indicate that a significant amount of discovery has yet been propounded.

5.    All of this suggests that, although a schedule has been in place for a few months, the parties really are still in the initial stages of the case. There is thus good reason to believe that the PTAB's decision will come before the parties have engaged in a large-scale expenditure of resources on document production or on claim construction-related activity. (D.I. 29 at 3 (Defendant acknowledging that the case deadlines that would be invoked prior to the PTAB's

2

decision, which involve those "relating to initial contentions and early discovery[,]" are "not anticipated to require substantial work by the parties")); *see, e.g.*, *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, Civil Action No. 15-691-LPS-CJB, 2015 WL 7824098, at *1 (D. Del. Dec. 3, 2015); *NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, Civil Action No. 15-286-LPS-CJB, 2015 WL 3918866, at *2 (D. Del. June 23, 2015). In light of this, the Court is not overly concerned that a denial of the instant motion without prejudice would cause Defendant undue harm, even were a stay later to be granted after the PTAB's institution decision is issued.[1]

6.      Second, denial of the instant motion without prejudice to renew will allow for a better, more fully developed record as to the "simplification of issues" factor. That clarity will come simply from receiving the PTAB's decision itself. If no review is instituted, the asserted basis for a stay will fall away. If the PTAB does institute a review, the Court can examine the grounds upon which review has been granted (including which of the claims of the patent-in-suit would be the subject of that review), so as to determine the effect that the PTAB's decision could have on simplifying this case. *See NuVasive, Inc.*, 2015 WL 3918866, at *2; *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, Civil Action No. 14-502 (JLL)(JAD), 2014 WL 4271633, at *3 n.2 (D.N.J. Aug. 28, 2014); *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).

---

[1]      Defendant did not file the instant motion to stay until four months after the Complaint was filed in the case (and after the deadline to answer was extended by a month). (D.I. 1; D.I. 20; D.I. 26 at 3-4)  By noting that fact, the Court is in no way suggesting the motion to stay was dilatory or untimely, especially in light of the significant work that must be done to file an IPR petition. Instead, the Court raises the issue only to state that there may be some (perhaps rare) cases where a motion to stay is filed even earlier than it was here, and where any schedule entered would have initial patent disclosures long completed and document discovery all but closed by the time of the PTAB's expected institution decision. In such cases, the movant might have a stronger basis for a stay than does Defendant here.

3

7.      To be fair to Defendant, the Court notes that there is only one patent-in-suit here, and that all claims of that patent are at issue in the IPR petition. And so, here there is not a certainty (as there is in many such cases) that at least some claims that could be asserted in the instant litigation will be untouched by the PTAB's review. That fact helps Defendant's "simplification" argument as to why a stay should be instituted now.

8.      But as time has passed since the new IPR process was instituted, the Court has become less and less sure about the merit of granting a stay in favor of an IPR proceeding, when the PTAB has not even weighed in on whether to institute review. As compared to the results from IPR institution decisions in 2013 (when the PTAB was granting review as to "nearly all" of the IPR petitions on which it had then issued decisions), *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, Civil Action No. 12-1461-LPS-CJB, Civil Action No. 13-335-LPS-CJB, 2014 WL 3819458, at *2 n.5 (D. Del. Jan. 15, 2014); *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, Civil Action No. 12-1744-GMS, 2013 WL 3353984, at *4 n.4 (D. Del. July 2, 2013), more recent data suggests that review is being instituted in far fewer cases, *see Toshiba Samsung Storage Tech. Korea Corp.*, 2015 WL 7824098, at *2 n.3 (noting evidence indicating that as of February 2015, the PTAB had initiated review as to 75% of petitions filed in that calendar year, and on 60% of petitions filed overall).[2] The more that the statistical likelihood of the PTAB instituting review on any petition seems less like "near certainty" and more like "fair probability," the less reasonable it seems to stop a district court proceeding after it has started—only to perhaps be

---

[2]      *See also* Brian C. Howard, Lex Machina Patent Trial and Appeal Board (PTAB) 2015 Report 2-3 (2016) (reporting that since the PTAB began accepting petitions for IPR in September 2012, 20% of filed petitions have been denied institution and another 19% of petitions came in cases that were settled prior to an institution decision).

4

required to start it up again later if the PTAB issues an unfavorable decision to the petitioner. A

court's interest in efficiently managing its docket—and in making *one* good decision at *one* point

when the key data is at hand—can be undermined by that kind of "start and stop" process.

9.      Third, the Court is of course impacted by Chief Judge Stark's views on this

subject. In mid-2014, Chief Judge Stark issued "Revised Procedures for Managing Patent

Cases[,]" which, *inter alia*, state that "[g]enerally, we will not defer the [Case Management

Conference] and scheduling process solely due to the pendency of" a motion to dismiss, transfer

or stay. Honorable Leonard P. Stark, Revised Procedures for Managing Patent Cases (June 18,

2014), at 6, *available at* http://www.ded.uscourts.gov/judge/chief-judge-leonard-p-stark (follow

"New Patent Procedures" tab; then download "Patent Procedures" document). The Court reads

this procedure as expressing Chief Judge Stark's preference that, in the main, cases filed by a

plaintiff should move forward. Additionally, in recent opinions, Chief Judge Stark has also

stated that "[g]enerally, the 'simplification' issue does not cut in favor of granting a stay prior to

the time the PTAB decides whether to grant the petition for inter partes review." *Copy*

*Protection LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17,

2015) (internal quotation marks and citation omitted); *see also Pragmatus Mobile, LLC v.*

*Amazon.com*, C.A. No. 14-436-LPS, C.A. No. 14-440-LPS, 2015 WL 3799433, at *1 (D. Del.

June 17, 2015) (same). These statements certainly provide the Court leeway to grant the instant

motion to stay at this time if all of the facts warrant it. But they also suggest that some caution

should be exercised before granting a stay in advance of receiving the PTAB's decision.

10.     For the reasons set out above, Defendant's motion to stay is DENIED, without

prejudice to its ability to renew the motion after the PTAB has issued a decision on whether to

initiate the above-referenced IPR proceeding.  In order to conserve litigant and judicial resources, the Court further ORDERS that:  (1) no later than five days after the date of the PTAB's decision on whether to institute review, the parties shall advise the Court of the decision by joint letter; (2) no later than five days after that joint letter is filed, Defendant shall file a letter (of no more than three, single-spaced pages) indicating whether it wishes to renew its motion to stay, and, if so, describing how the PTAB's decision impacts the merits of the renewed motion; (3) if Defendant does seek to renew the stay motion, then no later than five days after Defendant's letter is filed, Plaintiff shall file a responsive letter (of no more than three, single-spaced pages) discussing its view as to how the PTAB's decision impacts the merits of the renewed motion; and (4) if Defendant's motion is renewed, then aside from the additional letter briefs referred to above, the Court will otherwise consider the renewed motion on the papers already filed as to the instant motion to stay.

Dated: February 11, 2016

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE